IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:05-CV-201-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>CLYDE LARUE, Individually; )<br>DEBRA LARUE, Individually; )<br>LA CASA COMPANY; )<br>ROSEBUD TRADING TRUST, )<br>with Debra LaRue as Managing Director; )<br>and QUINN MATTHEW TRUST, )<br>with Clyde LaRue as Managing Director, )<br>)<br>Defendants. )<br>_____) | **ORDER** |

After review, the Government's Motion for a Default Judgment is GRANTED.

## BACKGROUND

In 2002, Defendants Clyde and Debra LaRue, husband and wife, pled guilty to mail fraud and tax evasion. As part of their sentence, Clyde LaRue was required to pay $1,886,212.71 in restitution and $100 in a special assessment. Debra LaRue was required to pay $1,789,469.02 in restitution and $100 in a special assessment. To date, Clyde LaRue has paid only $560, and Debra LaRue has paid only $580.

Since at least 1992, the LaRues have created, owned, and managed several companies to which they have conveyed property. These corporations, one of which is called La Casa Company, have received payments of both land and cash since their creation from the LaRues.

1

Only Clyde and Debra LaRue manage and are officers in these entities. Clyde LaRue is the president of La Casa and Debra LaRue is the Secretary-Treasurer. La Casa is an Illinois Corporation not licensed to do business in North Carolina. The Defendants have refused to hire counsel to represent LaCasa.

Currently, the La Rues have no assets to their name. La Casa owns two parcels of land: one in Port St. Lucie, Florida and one in Wilmington, North Carolina. The Florida property was conveyed by the LaRues to La Casa in 1998. The North Carolina property was bought outright by La Casa in 1999; however, the LaRues used their own personal real estate assets to buy the North Carolina property, currently use the property as their home, and personally pay all costs associated with owning the home. Both the 1998 conveyance and the 1999 purchase were made after the LaRues were well aware of the IRS investigation of their activities.

## **DISCUSSION**

"It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201-202 (1993). Default judgments are appropriate against corporations that have refused to hire counsel. *See Allied Colloids v. Jadair, Inc.,* 1998 U.S. App. LEXIS 4959 (4th Cir.,1998).

The Defendants, in their various pleadings, have made it clear that they refuse to hire an attorney to represent the corporation, and the corporation has assets that can be used to hire counsel. As such, the corporation is in default, as a corporation cannot represent itself pro se, but only through duly licensed attorneys. The transfers of property by the LaRues to La Casa are therefore deemed fraudulent conveyances.

2

## CONCLUSION

The Government's Motion for a Default Judgment is GRANTED.

SO ORDERED.

This __8__ day of ~~July~~ August, 2008.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3